IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVANS RUSS, JR., # 194028,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | Civil Action No. 1:11cv921-WHA |
| ) | (WO) |
| ANDY HUGHES, *et al.*,  ) | |
| ) | |
| Respondents.  ) | |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 filed by EVANS RUSS, JR., a state prisoner. In his petition, Russ challenges his conviction for first-degree burglary and resulting life sentence rendered in the Circuit Court of Houston County, Alabama, on October 6, 2011.

In their answer filed with this court on December 22, 2011 (Doc. No. 9), the respondents contend that Russ has failed to fully exhaust his claims through available state court proceedings. Specifically, the respondents assert that Russ currently has a direct appeal of his conviction pending in the Alabama Court of Criminal Appeals awaiting completion of the court reporter's transcript of trial proceedings. (Doc. No. 9 at 4.)

It is a longstanding prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v.*

*Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277-78. To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

Upon review of the pleadings filed in this case, it appears that Russ has not exhausted his available state court remedies with respect to the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Russ's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Accordingly, it is

ORDERED that **on or before January 12, 2012, Russ shall show cause why his petition should not be dismissed without prejudice** for failure to exhaust state remedies.

Done this 22nd day of December, 2011.

                                        /s/ Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE