IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVANS RUSS, JR., # 194028, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Civil Action No. 1:11cv921-WHA |
| ) | (WO) |
| ANDY HUGHES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for habeas corpus relief under 28 U.S.C. § 2254 filed by state inmate Evans Russ, Jr. ("Russ"). In his petition, Russ challenges his conviction for first-degree burglary and resulting life sentence rendered in the Circuit Court of Houston County, Alabama, on October 6, 2011.

The respondents answer that Russ has failed to exhaust his claim in the state courts and specifically assert that Russ currently has a direct appeal of his conviction pending in the Alabama Court of Criminal Appeals awaiting completion of the court reporter's transcript of the trial proceedings. Doc. No. 9 at 4. Therefore, the respondents argue, Russ has yet to subject his claim to one complete round of the State's appellate review process. *Id*. Russ was allowed an opportunity to reply to the respondents' answer, but failed to do so.

**I. DISCUSSION**

It is a longstanding prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1), thereby

giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277-78. To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

This court does not deem it appropriate to rule on the merits of Russ's claim without first requiring that he exhaust state court remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the court concludes that the § 2254 petition for federal habeas relief should be dismissed without prejudice so that Russ can pursue and exhaust his available state court remedies.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed without prejudice to afford Russ an opportunity to exhaust all state court remedies available to him. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before March 14, 2012.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections

will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 29th day of February, 2012.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE